FILED
United States Court of Appeals
Tenth Circuit

January 28, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ANDREW THOMAS BURNS, SR.,

Petitioner - Appellant,

v.

JUSTIN JONES, Director,

Respondent - Appellee.

No. 12-5109
(D.C. No. 4:11-CV-00591-CVE-TLW)
N.D. Okla.

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **EBEL**, and **MURPHY**, Circuit Judges.

After examining petitioner's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

This case is before the court on a request by Andrew Thomas Burns, Sr. for

a certificate of appealability ("COA"). Burns seeks a COA so he can appeal the

district court's dismissal of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C.

§ 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a

§ 2254 petition unless the petitioner first obtains a COA).

In 1990, Burns was convicted by a jury of first degree murder and sentenced to life imprisonment without the possibility of parole. He attempted to pursue a direct appeal out of time by filing an application for post-conviction relief in Oklahoma state court on April 26, 1990. The request was denied and that denial was affirmed by the Oklahoma Court of Criminal Appeals. Burns filed three additional state applications for post-conviction relief, all of which were denied by the Oklahoma courts. Burns's § 2254 habeas corpus petition was filed with the United States District Court for the Northern District of Oklahoma on August 25, 2011.[1]

Respondent moved to dismiss Burns's habeas action as time-barred, arguing it was filed after the expiration of the one-year limitations period established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d) (setting forth a one-year statute of limitations for § 2254 applications). The district court concluded Burns's convictions became final on March 12, 1990, prior to the enactment of the AEDPA. Consequently, Burns had until April 24, 1997, to file his federal habeas petition. *See Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998). The district court rejected Burns's assertion he was entitled to equitable tolling of the AEDPA limitations period, concluding his

---

[1]Burns's § 2254 petition was filed in the United States District Court for the Western District of Oklahoma and transferred to the Northern District of Oklahoma on September 19, 2011.

allegations of ignorance of the law and alleged illiteracy did not merit equitable tolling. Accordingly, the court granted Respondent's motion and dismissed Burns's habeas petition. Burns attempts to appeal the dismissal of his § 2254 petition.

To be entitled to a COA, Burns must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). This court reviews the district court's decision on equitable tolling of the limitations period for abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

In his appellate brief, Burns makes no claim of entitlement to equitable tolling, failing to even reference his burden of showing he diligently pursued his claims but failed to file in a timely manner because of "extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Instead, Burns appears to concede his federal habeas petition is untimely but argues application of the one-year limitations period to a person in his position raises serious constitutional questions. *See Miller v. Marr*, 141 F.3 976, 978 (10th Cir. 1998). After reviewing the record and considering the claims

Burns is attempting to raise in his § 2254 petition, we reject his argument that applying the limitations period in this case renders the habeas remedy inadequate or ineffective. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Burns asserts he is illiterate and was denied counsel during a critical stage of the proceedings,[2] resulting in his inability to appeal his conviction. *Cf. Triestman v. United States*, 124 F.3d 361, 376-380 (2d Cir. 1997) (holding habeas review was available to federal prisoner claiming actual innocence who was barred from bringing a successive § 2255 motion because the denial of collateral review would raise sufficiently serious constitutional questions under the Eighth Amendment and the Due Process Clause). The record contradicts these assertions. First, nowhere in his brief does Burns assert he is actually innocent. *See id*. at 379. Further, in his § 2254 petition, Burns concedes the Oklahoma state court found he "chose not to appeal his conviction, even though he was advised he could appeal." When it denied Burns's fourth application for post-conviction relief, the Oklahoma court found that Burns's stand-by counsel spoke with him "at length regarding all of his rights to appeal and advised him to appeal" but Burns refused. Thus, the record contradicts his unsupported assertions that he was denied counsel and did not understand his right to appeal.

---

[2]It is unclear whether Burns's claim arises under *United States v. Cronic*, 466 U.S. 648 (1984), or *Strickland v. Washington*, 466 U.S. 668 (1984), because his counseled § 2254 petition cites neither case. In any event, the distinction is irrelevant to our disposition of this matter.

This court has reviewed Burns's application for a COA and appellate brief, the district court's Order dated May 10, 2012, and the entire record on appeal. That review clearly demonstrates the district court's dismissal of Burns's § 2254 petition as untimely is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, we **deny** his request for a COA and **dismiss** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge